**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:14-CV-175-RLV-DCK**

| | |
|---|---|
| KCA PENLAND HOLDINGS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| GREAT LAKES DIRECTIONAL | ) |
| DRILLING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Withdraw As Counsel For Great Lakes Directional Drilling, Inc." (Document No. 14) filed December 9, 2016. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

The "Motion To Withdraw As Counsel…" (Document No. 14) does not include written consent of the client. See Local Rule 83.1(F). Instead, counsel states that Defendant "has not articulated any objection to the withdrawal." (Document No. 14, p.3). As such, Defendant's position on its attorney's request is unclear. Therefore, the Court will direct Defendant to file a response to the "Motion To Withdraw As Counsel…" (Document No. 14) describing its position on Ms. Reschly's motion to withdraw.

Until otherwise ordered, Marla T. Reschly and K&L Gates LLP shall continue as counsel for Defendant. Ms. Reschly shall promptly deliver a copy of this Order to her client and shall confer with Defendant regarding the contents of this Order.

The undersigned notes that corporate defendants, such as Great Lakes Directional Drilling, Inc., are not permitted to proceed without counsel. See Rowland v. Cal. Men's Colony,

Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); see also MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 2013 WL 1243541, at **1 (4th Cir. March 28, 2013) (citing United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008) (LLCs, like corporations, are not permitted to proceed pro se). As such, Defendant must resolve its dispute with current counsel and/or retain new counsel.

In addition, the undersigned notes that the parties were required to file a report on the results of mediation no later than **August 31, 2016**. (Document No. 10, p.4). To date, no report has been filed. The undersigned further notes that the "Pretrial Order And Case Management Plan" states that "[f]ailure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure ("the Rules")". (Document No. 10, p.8).

This matter is currently scheduled for bench trial on **January 9, 2017**. If the parties require additional time to file a mediation report and/or to prepare for trial, they shall immediately file an appropriate motion. The Court will not extend the trial date beyond March 2017.

**IT IS, THEREFORE, ORDERED** that a response stating Defendant's consent, or opposition, to the "Motion To Withdraw As Counsel For Great Lakes Directional Drilling, Inc." (Document No. 14) shall be filed with the Court on or before **December 19, 2016**.

**IT IS FURTHER ORDERED** that the parties shall file their mediation report, or seek additional time to do so, on or before **December 19, 2016**.

Signed: December 12, 2016

David C. Keesler
United States Magistrate Judge