# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-175-RLV-DCK

| | |
|---|---|
| KCA PENLAND HOLDINGS CORP., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| GREAT LAKES DIRECTIONAL DRILLING, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Consent Motion To Amend Pretrial Order And Case Management Plan" (Document No. 16) filed December 14, 2016. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion, with modification.

The undersigned observes that the parties wish to re-set *all* the case deadlines in this matter, less than one month from the current trial date of January 9, 2017. (Document Nos. 16 and 16-1). Discovery was to have been completed by June 15, 2016; and dispositive motions and a mediation report were due by August 31, 2016. See (Document No. 10). Moreover, the parties were recently advised that they could file a motion to extend time to file a mediation report and/or to prepare for trial, but that "[t]he Court will not extend the trial date beyond March 2017." (Document No. 15, p.2).

Judge Voorhees' March 2017 trial term begins on March 6, 2017. As such, most of the parties' requests in the pending motion, including to file dispositive motions and provide expert

reports in March, are inconsistent with that deadline. Regarding discovery, the "Pretrial Order And Case Management Plan" provides the following instruction:

> Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown. **The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time**.

(Document No. 10, p.2) (emphasis added)

Finally, the undersigned recognizes that both parties suggest that they have fairly recently switched lead counsel; however, the parties do not explain why previous lead counsel failed to complete discovery, or file a timely mediation report or dispositive motion. (Document No. 16). Defendant's counsel, Ms. Reschly, filed a notice of appearance in this matter after all those deadlines had passed. See (Document Nos. 10 and 13). Plaintiff's counsel, Mr. Donaldson, is the *only* counsel of record to appear in this case, and apparently has been involved in this case since filing the underlying "Complaint" (Document No. 1-1) in the Superior Court of Iredell County, North Carolina, **on September 18, 2014**. (Document No. 1-1, p.11).

**IT IS, THEREFORE, ORDERED** that the "Consent Motion To Amend Pretrial Order And Case Management Plan" (Document No. 16) is **GRANTED, with modification**. The deadlines in the "Pretrial Order And Case Management Plan" (Document No. 10) are amended as follows:

| | |
|---|---|
| Mediation Report | **January 31, 2017**; |
| Consensual Discovery Completion | **February 24, 2017**; and |
| Trial | **March 6, 2017**. |

**SO ORDERED**.

Signed: December 14, 2016

David C. Keesler
United States Magistrate Judge