**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:14-CV-00175-RLV-DCK**

| | |
|---|---|
| KCA PENLAND HOLDINGS CORP., )<br>)<br>Plaintiff )<br>Counter Defendant, )<br>)<br>v. )<br>)<br>)<br>)<br>GREAT LAKES DIRECTIONAL )<br>DRILLING, INC., )<br>)<br>Defendant )<br>Counter Claimant. )<br>)<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Court's *sua sponte* review of Great Lakes Directional Drilling, Inc.'s ("GLDD") ability to proceed in this matter. For the ensuing reasons, the Court **DISMISSES** GLDD's counterclaim and **AMENDS** the motions deadline in the Pretrial Order and Case Management Plan (Doc. 10) to permit KCA Penland Holdings Corp. ("KCA Penland") to file a motion for default judgment against GLDD on KCA Penland's claims.

**I.  PROCEDURAL HISTORY**

KCA Penland commenced this action on September 18, 2014 by filing a complaint in the Iredell County Superior Court. (*See* Doc. 1-1). GLDD removed the action to this Court and timely filed an Answer, which included a five-count counterclaim. (*See* Doc. 3). KCA Penland filed a motion to dismiss Count Two of GLDD's counterclaim. (Doc. 5). Following GLDD's response not opposing KCA Penland's motion, this Court issued an order dismissing Count Two of GLDD's counterclaim. (Docs. 7, 8).

1

In September of 2015, the parties submitted a certification of initial attorney conference and discovery plan. (Doc. 9). Shortly thereafter, Magistrate Judge David C. Keesler issued the Pretrial Order and Case Management Plan, setting a discovery deadline of June 15, 2016, a motions and alternative dispute resolution ("ADR") deadline of August 31, 2016, and a trial date of January 9, 2017. (Doc. 10 at 2-4). The deadline for motions and ADR passed without the filing of any motions or the filing of a report on the results of ADR. On September 19, 2016, GLDD changed counsel. (*See* Docs. 12, 13). Approximately two-and-a-half months later, new counsel for GLDD moved to withdraw, citing GLDD's failure to pay for services as the basis for withdrawal. (Doc. 14). Noting that GLDD's status as a corporation prevented it from proceeding pro se, Magistrate Judge Keesler issued an order requiring a response indicating whether GLDD consented or opposed the motion to withdraw. (Doc. 15). The order further amended the deadline for the parties to file their ADR report and advised the parties that they could seek a continuance of the trial date but that "[t]he Court will not extend the trial date beyond March 2017." *Id.* at 2.

The parties filed a consent motion to amend several deadlines in the Pretrial Order and Case Management Plan, specifically seeking to reset the trial for March 31, 2017, to extend the once-extended ADR deadline, and to extend the already elapsed deadlines for discovery and dispositive motions.[1] (Docs. 16, 16-1). Noting that this Court's March trial term commences on March 6, 2017, and that counsel failed to explain why the original deadlines elapsed without any action by the parties, Magistrate Judge Keesler granted the consent motion with modification. (Doc. 17). The order set a new ADR deadline of January 31, 2017, a new discovery deadline of

---

[1] The parties' proposed amended pretrial order and case management plan sought an ADR deadline of January 31, 2017, a discovery deadline of February 28, 2017, and a motions deadline of March 15, 2017. (Doc. 16-1 at 2-4). The Court notes the impractical nature of the requested March 15, 2017, motions deadline in light of the time permitted for response and reply briefs (*see* Local Rule 7.1(E)) and the proposed trial date of March 31, 2017.

February 24, 2017, and a new trial date of March 6, 2017. *Id.* at 2. The order amending the pretrial order and case management plan did not enlarge the deadline to file motions. *See id.*

Subsequent to the order amending the pretrial order and case management plan, counsel for GLDD filed a response indicating that GLDD consented to the withdrawal of counsel.[2] (Doc. 18). Upon receipt of GLDD's consent to the motion to withdraw, Magistrate Judge Keesler promptly, on December 20, 2016, issued an order granting the motion to withdraw, giving GLDD until January 3, 2017 to have new counsel file a notice of appearance, and advising GLDD that "important deadlines [in the case] are imminent, and unlikely to be extended." (Doc. 19). Certified mail records establish that GLDD received the Court's December 20, 2016 order. (*See* Doc. 20 (noting delivery/receipt date of December 24, 2016)). January 3, 2017, came and went without an attorney filing an appearance on behalf of GLDD and without GLDD contacting the Court or moving for an extension to have new counsel file a notice of appearance. On January 4, 2017, the Court *sua sponte* granted GLDD an extension until January 11, 2017, to have new counsel file a notice of appearance. (Doc. 21). The order reminded GLDD "that the Court is unlikely to grant any further extensions of this, or any other deadlines in this case" and further advised GLDD that its "failure to comply with this Court's Orders will likely result in sanctions, which may include default judgment and/or dismissal of Defendant's remaining counterclaim." (Doc. 21). As of the date of this order, new counsel has not filed an appearance on behalf of GLDD and GLDD has not filed any pleading in response to this Court's orders.

---

[2] Attached to the response was correspondence between counsel and GLDD regarding GLDD's consent to the motion to withdraw. (Doc. 18-1). The correspondence demonstrates that GLDD was provided a copy of the order requiring GLDD to respond to the motion to withdraw, which also noted the need for GLDD to retain new counsel if current counsel was permitted to withdraw. *See id.* at 4.

## II. DISCUSSION

"Whether a corporate party may proceed pro se is a procedural inquiry governed by federal law and the rules of the court." *Gilley v. Shoffner*, 345 F. Supp.2d 563, 566 (M.D.N.C. Nov. 18, 2004). "It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738 (1824) (other citations omitted)). Based on this limitation on a corporation's ability to appear in federal court, a court may, after warning the corporate party of the consequences of not obtaining counsel and permitting the corporate party reasonable time to obtain counsel, dismiss the unrepresented corporation's claims or enter judgment against the unrepresented corporation. *See Barr v. Prince George's Cty., Md.*, 115 F. App'x 609, 610-11 (4th Cir. 2004) (dismissing appeal by corporate party after original counsel withdrew and corporate party failed to obtain new counsel despite being "admonished" of consequences of failing to obtain counsel); *Dove Air, Inc. v. Joda, LLC*, 2011 WL 4712316, at *1 (W.D.N.C. Oct. 6, 2011) (dismissing corporate party's suit for failure to have new counsel file an appearance after motion granted permitting original counsel to withdraw); *Gilley*, 345 F. Supp.2d at 566-67 (dismissing corporate party from action where corporate party was on notice of need to have counsel make an appearance but did not do so or otherwise seek an extension to obtain counsel); *Microsoft Corp. v. Comput. Serv. & Repair, Inc.*, 312 F. Supp.2d 779, 783 (E.D.N.C. 2004) (entry of default judgment against corporate defendant for no appearance of counsel).

This Court has placed GLDD on notice four times that a corporation cannot proceed pro se and that GLDD needed to obtain new counsel and have new counsel file an appearance. (*See* Docs. 15, 17, 19, 21). Of particular note, the Court advised GLDD of the need to employ new

counsel before GLDD consented to the withdrawal of its most recent counsel. (Doc. 15). Although the record affirmatively establishes that GLDD received several of the Court's orders providing notice and setting deadlines for new counsel to file an appearance, new counsel has not filed an appearance on GLDD's behalf and GLDD has not otherwise responded to the Court's orders. Accordingly, the Court finds it appropriate to dismiss, without prejudice, the four counts of GLDD's counterclaim that survived this Court's order granting KCA Penland's motion to dismiss.[3] (*See* Doc. 8 (dismissing Count Two of counterclaim but permitting Counts One, Three, Four, and Five to proceed)).

The Court is further inclined to enter a default judgment against GLDD as to the claims raised in KCA Penland's complaint. The Court, however, recognizes that the entry of a default judgment constitutes a stiff sanction, that the dismissal of GLDD's counterclaim is the first sanction imposed against GLDD, that GLDD timely participated in this litigation at early stages in the proceeding, and that KCA Penland has contributed to some of the missed deadlines. Accordingly, instead of granting a default judgment *sua sponte*, the Court amends the motions deadline in the Pretrial Order and Case Management Plan to permit KCA Penland to file a motion for default judgment by February 7, 2017.[4]

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1) Counts One, Three, Four, and Five of GLDD's counterclaim are **DISMISSED WITHOUT PREJUDICE**; and

---

[3] In so concluding, the Court notes the numerous deadlines missed during the course of this litigation and the likelihood that GLDD's consent to the withdrawal of its most recent counsel followed by its failure to obtain new counsel will cause further delay in the resolution of this nearly two-and-a-half year old case.

[4] The Court again advises GLDD of the need to obtain counsel and have new counsel file a notice of appearance so that it may properly respond to any motion for a default judgment filed by KCA Penland.

(2) The Pretrial Order and Case Management Plan (Doc. 10) is **AMENDED** to permit KCA Penland to file a motion for default judgment by February 7, 2017.

Signed: January 24, 2017

Richard L. Voorhees
United States District Judge