IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:14-CV-00175-RLV-DCK

| | |
|---|---|
| KCA PENLAND HOLDINGS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| GREAT LAKES DIRECTIONAL | ) |
| DRILLING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff KCA Penland Holdings Corporation's (KCA Penland) Motion for Entry of Default and for Default Judgment. (Doc. 23). On February 8, 2017, this Court issued an order giving Defendant Great Lakes Directional Drilling, Inc. ("GLDD") until February 22, 2017 to retain new counsel, to have new counsel file a notice of appearance, and to file a response to KCA Penland's motion. (Doc. 26); *see also Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The time for GLDD to comply with this Court's February 8, 2017 order having elapsed, this matter is ripe for disposition. For the ensuing reasons, KCA Penland's Motion for Entry of Default and for Default Judgment (Doc. 23) is **GRANTED IN PART and DEFFERED IN PART** and the Clerk is **DIRECTED** to enter a default as to GLDD.

I.     PROCEDURAL HISTORY

As this Court's January 24, 2017 order details the procedural history of this case (Doc. 22 at 1-3), the Court focuses only on those elements of the procedural history relevant to GLDD's

failure to retain new counsel and to KCA Penland's pending motion. On December 9, 2016, GLDD's most recent counsel of record moved to withdraw from representation. (Doc. 14). After advising GLDD that a corporation can only proceed in litigation through counsel and after obtaining GLDD's consent to the motion to withdraw, Magistrate Judge David C. Keesler granted the motion to withdraw. (Docs. 15, 18, 19). Magistrate Judge Keesler's order gave GLDD until January 3, 2017 to retain new counsel and have new counsel file a notice of appearance.[1] (Doc. 19 at 2). January 3, 2017 came and went without new counsel filing a notice of appearance on behalf of GLDD and without GLDD contacting the court. Cognizant of GLDD's inability to proceed in this matter without counsel, the Court *sua sponte* extended the deadline for GLDD to have new counsel file a notice of appearance to January 11, 2017. (Doc. 21). The order extending the deadline warned GLDD that "failure to comply with this Court's orders will likely result in sanctions, which may include default judgment and/or dismissal of Defendant's remaining counterclaim." *Id.*

The January 11, 2017 deadline passed without new counsel filing a notice of appearance on GLDD's behalf and without GLDD otherwise contacting the Court. This Court *sua sponte* considered GLDD's ability to proceed in this matter and concluded that GLDD could neither defend against KCA Penland's claims nor pursue its then-remaining counterclaims unless it retained counsel. (Doc. 22 at 4-5). As a result of GLDD's inability to proceed, and as an intermediate sanction for GLDD's failure to comply with or respond to this Court's orders regarding retaining new counsel, the Court dismissed GLDD's then-remaining counterclaims. *Id.* The Court, noting its inclination to enter a default and default judgment against GLDD but

---

[1] Certified mail records establish that GLDD received Magistrate Judge Keesler's order requiring that GLDD have new counsel file a notice of appearance by January 3, 2017. (*See* Doc. 20 (noting delivery/receipt date of December 24, 2016)).

2

recognizing that a default judgment is a stiff sanction, opted to amend the motions deadline in the Pretrial Order and Case Management Plan (Doc. 10) to permit KCA Penland to file the pending Motion for Entry of Default and for Default Judgment. *Id.* at 5. In so doing, the Court effectively permitted GLDD an additional opportunity to recognize the gravity of not retaining new counsel and participating in this matter. *Id.* at 5. Reinforcing the need for GLDD to retain counsel, the Court, once again, warned GLDD that it could properly respond to any motion filed by KCA Penland only if it did so though counsel. *Id.* at 5 n.4.

In accord with this Court's amendment to the Pretrial Order and Case Management Plan, KCA Penland timely moved for an entry of default and default judgment against GLDD. (Doc. 23). This Court filed a *Roseboro* Order, giving GLDD until February 22, 2017 to have new counsel file a notice of appearance and to respond to KCA Penland's Motion for Entry of Default and for Default Judgment.[2] (Doc. 26). On February 27, 2017, Doug Mercier, GLDD's pro se representative and the apparent president of GLDD, contacted the Court by telephone and indicated that GLDD would not be retaining counsel and that he intended to submit a pro se filing. As of the date of this Order, GLDD has neither filed a written response to KCA Penland's motion nor filed a motion seeking an extension of the already-elapsed deadline to respond.

## II.    DISCUSSION

Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). After entry of default and absent the plaintiff seeking "sum certain" damages, the plaintiff "must apply to the

---

[2] Because service of the Court's order was completed on GLDD by mail, GLDD was entitled to three additional days to have new counsel file a notice of appearance and to respond to KCA Penland's motion. *See* Fed. R. Civ. P. 6(d). As the third day was Saturday, February 25, the deadline for GLDD to timely respond further extended to Monday, February 27. *See* Fed R. Civ. P. 6(a)(3)(A).

3

court for a default judgment" and the court may conduct a hearing when it needs to "determine the amount of damages." Fed. R. Civ. P. 55(b).

"Whether a corporate party may proceed *pro se* is a procedural inquiry governed by federal law and the rules of the court." *Gilley v. Shoffner*, 345 F. Supp.2d 563, 566 (M.D.N.C. Nov. 18, 2004). "It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738 (1824) (other citations omitted)). A corporate defendant's failure to comply with a court order to obtain counsel constitutes a failure to "otherwise defend" against the action for purposes of Fed. R. Civ. P. 55(a). *Eagle Assoc. v. Bank of Montreal*, 926 F.3d 1305, 1310 (2d Cir. 1991) (citing *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967). Based on the limitation on a corporation's ability to appear *pro se* in federal court and because a corporate defendant's failure to obtain counsel constitutes a failure to defend, a court may, after warning the corporate defendant of the consequences of not obtaining counsel and permitting the corporate defendant reasonable time to obtain counsel, enter a default and a default judgment against the unrepresented corporation. *See id.* (affirming entry of default judgment against unrepresented corporate defendant that "willfully disregarded" district court's order to retain counsel); *Hounddog Prod., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp.2d 480, 482, 486 (S.D.N.Y. 2011) (adopting magistrate judge report recommending default judgment against corporate defendant where corporate defendant failed to retain new counsel within five months of prior counsel withdrawing); *Microsoft Corp. v. Comput. Serv. & Repair, Inc.*, 312 F. Supp.2d 779, 783 (E.D.N.C. 2004) (entry of default judgment against corporate defendant for no appearance of counsel). However, because an entry of default judgment against a defendant precludes resolution

of the merits of the litigation, a default judgment is a stiff sanction properly reserved for only those cases where a party flagrantly disregards its obligations and no lesser sanction is likely to compel the party to take the required action to proceed. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."); *see also Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977) (discussing default judgment as sanction in context of Fed. R. Civ. P. 37 violation).

The Court concludes that an entry of default against GLDD is appropriate and necessary in this case. Despite six warnings that it could not proceed *pro se* and needed to retain counsel (*See* Docs. 15, 17, 19, 21, 22, 26), GLDD has not retained counsel and its *pro se* representative recently advised the Court of GLDD's intent not to retain counsel. Of particular note, the Court advised GLDD of the need to employ new counsel before GLDD consented to the withdrawal of its most recent counsel. (Doc. 15). Finally, multiple warnings of the possibility of sanctions, the imposition of the lesser sanction of dismissing GLDD's counterclaims, and the Court's warning that it was strongly inclined to enter a default and a default judgment if GLDD did not have new counsel file an appearance made no impression on GLDD. In sum, GLDD's conduct since it consented to its most recent counsel's motion to withdraw demonstrates that GLDD has no intention of retaining new counsel to present a defense to KCA Penland's claims. Therefore, KCA Penland's Motion for Entry of Default and for Default Judgment Pursuant (Doc. 23) is **GRANTED IN PART** and the Clerk is **DIRECTED** to enter a default as to GLDD. The Court **DEFERS** action on the part of KCA Penland's Motion that seeks a default judgment so as to permit GLDD

a final opportunity to retain counsel and to file a response to KCA Penland's motion and to permit for briefing on damages.

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1) Plaintiff's Motion for Entry of Default and for Default Judgment (Doc. 23) is **GRANTED IN PART** and **DEFERRED IN PART**;

(2) Pursuant to Fed. R. Civ. P. 55(a), the Clerk is **DIRECTED** to enter a default as to GLDD;

(3) GLDD shall have up to and including March 10, 2017 to file a response and to have new counsel file a notice of appearance;

(4) KCA Penland shall have up to and including March 15, 2017 to file a memorandum outlining its damages on Counts One through Five of its Complaint (*see* Doc. 1-1 at 5-8);[3] and

(5) The Clerk is **DIRECTED** to remove this case from the March 6, 2017 Statesville trial term.

Signed: March 1, 2017

Richard L. Voorhees
United States District Judge

---

[3] KCA Penland's memorandum shall include: (1) what evidence it anticipates presenting at a Fed. R. Civ. P. 55(b)(2) hearing; (2) an estimate of the time it requires to present its evidence; (3) dates it is available for a hearing; and (4) a discussion of whether it can simultaneously prevail on and/or recover damages on Count Five for a breach of implied covenant of good faith and fair dealing and on Counts One through Three for breach of contract and for wrongful interference with a contract right, *see Murray v. Nationwide Mut. Ins. Co.*, 472 S.E.2d 358, 368 (N.C. Ct. App. 1996); *see also Biosignia, Inc. v. Life Line Screening of Am., Ltd.*, 2014 WL 2968139, at * 5 (M.D.N.C. July 1, 2014) ("[T]he weight of North Carolina authority holds that a claim for breach of the covenant of good faith and fair dealing based on facts identical to those supporting a breach of contract claim should not be pursued separately.").