# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## CASE NO. 5:14-CV-00175-RLV-DCK

| | |
|---|---|
| KCA PENLAND HOLDINGS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| GREAT LAKES DIRECTIONAL | ) |
| DRILLING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** following a Fed. R. Civ. P. 55(b)(2) hearing on Plaintiff KCA Penland Holdings Corporation's ("KCA Penland") Motion for Default Judgment (Docs. 23, 30). At the hearing, KCA Penland appeared through counsel and submitted evidence of its damages and attorney fees. (*See* Doc. 31). Doug Mercier appeared pro se on behalf of Defendant Great Lakes Directional Drilling, Inc. ("Great Lakes") and indicated that settlement efforts with KCA Penland had failed and that Great Lakes did not intend to retain counsel despite the need to do so to avoid the Court granting KCA Penland's Motion for Default Judgment. Although appreciative of Mr. Mercier's decision to appear on behalf of Great Lakes, this Court orally granted KCA Penland's Motion for Default Judgment and advised the parties that it would issue an order addressing KCA Penland's damages. Subsequent to the Fed. R. Civ. P. 55(b)(2) hearing, the Court reviewed KCA Penland's affidavit and billing records in support of attorney fees. The Court's review of these documents resulted in the identification of two discrepancies between the affidavit and the billing records. (*See* Doc. 32). The Court ordered KCA Penland to

1

file a supplemental affidavit explaining the two discrepancies, *see id.*, and KCA Penland has timely complied with this Court's Order, (*see* Doc. 33).

Having reviewed the relevant submissions and having considered the parties arguments, this Court concludes that KCA Penland established base damages for breach of contract in the amount of $125,748.50. (*See* Doc. 31 at 1). Because one of KCA Penland's claims arises under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), KCA Penland's damages shall be trebled to $377,245.50.[1] *See* N.C. Gen. Stat. § 75-16. Furthermore, because a breach of contract serves as a basis for KCA Penland's claims, KCA Penland is also entitled to pre-judgment interest from the date of the breach. N.C. Gen. Stat. § 24-5. The legal rate of interest in North Carolina is 8% per year. N.C. Gen. State § 24-1. With base damages of $125,748.50, an interest rate of 8% per year results in daily accrued interest of $27.56.[2] Based on the allegations in KCA Penland's complaint, the breach of contract giving rise to KCA Penland's base damages of $125,748.50 occurred by July 23, 2014. (Doc. 1 at 5). From July 23, 2014 through and including the date of this order, 1,043 days have elapsed, resulting in pre-judgment interest totaling $28,745.08.

In addition to recovering damages and pre-judgment interest, both the UDTPA and the second contract the parties entered into permit KCA Penland to recover its reasonable attorney fees and costs. *See* N.C. Gen. Stat. § 75-16.1; (*see also* Doc. 31-1, Doc. 33). Having reviewed

---

[1] For purposes of default judgment, KCA Penland's allegations that Great Lakes (1) represented itself to be a separate entity from KCA Penland, in violation of the contract between KCA Penland and Great Lakes; (2) solicited business from the entity KCA Penland had contracted with; and (3) induced a third party to terminate its contract with KCA Penland and, instead, contract directly with Great Lakes, are sufficient to support a UDTPA claim. *See Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981) (defining "unfair" to include practices that are "unethical" and "unscrupulous").

[2] Under North Carolina law, "a pre-judgment interest award should not attach to the trebled damages, but only to the actual damages awarded for the breach of contract that was found to be an unfair trade practice." *Johnson v. Colonial Life & Accident, Ins. Co.*, 618 S.E.2d 867, 872 (N.C. Ct. App. 2005). Accordingly, interest only attaches to the actual damages KCA Penland suffered from the underlying breach and interest cannot be trebled.

2

KCA Penland's submissions on attorney fees and costs, the Court finds both the number of hours billed and the hourly rates reasonable given the issues presented in the case and the market rate for legal services. Accordingly, the Court awards KCA Penland $11,466.00 in attorney fees and $229.45 in costs.[3]

**IT IS, THEREFORE, ORDERED** that the Court's final judgment is calculated as follows:

(1) Principal judgment in favor of KCA Penland in the amount of $377,245.50 on the UTDPA claim;

(2) Prejudgment interest in the amount of $28,745.08 based on the breach of contract; and

(3) Attorney fees and costs totaling $11,695.45.

Signed: May 31, 2017

Richard L. Voorhees
United States District Judge

---

[3] Although the updated billing record provided by KCA Penland with the supplemental affidavit includes two entries for $25.00 for work performed subsequent to the Fed. R. Civ. P. 55(b)(2) hearing, these two entries are "unbilled" and are not included in the requested reward in KCA Penland's supplemental affidavit. (*See* Doc. 33 at 2, 10). Accordingly, the two $25.00 entries for work subsequent to the Fed. R. Civ. P. 55(b)(2) hearing are not included in the Court's award of $11,466.00 in attorney fees.